David S. Reidy (SBN 225904)
Email: dreidy@reedsmith.com
Molly Taylor Zapala (SBN 245985)
Email: mzapala@reedsmith.com
Carla Meninsky (SBN 233470)
Email: cmeninsky@reedsmith.com
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA 94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

Attorneys for Defendants
Bank of America, N.A., for itself and as successor by merger to BAC Home Loans Servicing LP, fka Countrywide Home Loans Servicing LP; Mortgage Electronic Registration Systems, Inc.; and ReconTrust Company, N.A.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JAMES J. GRUNDY,

Plaintiff,

v.

BANK OF AMERICA, N.A FKA, COUNTRYWIDE HOMES LOANS SERVICING, LP, MERS, RECONTRUST COMPANY, N.A.,

Defendants.

Case No. 12-CV-0561 IEG (BHD)

**DEFENDANTS' MOTION FOR JUDGMENT OF DISMISSAL FOR FAILURE TO AMEND; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Date: October 1, 2012
Time: 10:30 a.m.
Place: Courtroom 1
Compl. Filed: March 6, 2012

Honorable Irma E. Gonzalez

*[Filed concurrently with Declaration in support and [Proposed] Order]*

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**TO THE COURT AND PLAINTIFF IN *PRO PER*:**

PLEASE TAKE NOTICE that at the date and time on the caption page of this motion, or as soon as the matter may be heard in Courtroom 1 of the United States District Court for the Southern District of California, located at 940 Front Street, San Diego, CA 92101-8900, Defendants Bank of America, N.A., for itself and as successor by merger to BAC Home Loans Servicing LP, fka Countrywide Home Loans Servicing LP; Mortgage Electronic Registration Systems, Inc.; and ReconTrust Company, N.A. (collectively "Defendants") will and hereby do move for an order dismissing with prejudice the Complaint of Plaintiff James J. Grundy ("Plaintiff") "), and each claim alleged therein against Defendants, along with a judgment in favor of Defendants and against Plaintiff, pursuant to Federal Rule of Civil Procedure 41(b) and U.S. District Court for the Southern District of California Local Rule 7-1 1(f)(3). This motion is also made on the ground that good cause exists to dismiss the case against Defendants based on Plaintiff's failure to file an Amended Complaint within the time allowed by the Court. Plaintiff has failed to comply with this Court's Order Granting Defendants' Motion to Dismiss, entered July 18, 2012 (the "Order"). See Dkt. No. 12.

This motion is based on this notice of motion and motion, the memorandum of points and authorities, the declaration of Carla Meninsky, all pleadings, records and files in this case, and all evidence and arguments as may be brought before the Court at the hearing on this application.

DATED: August 27, 2012

REED SMITH LLP

By: /s/ *Carla Meninsky*
Molly Taylor Zapala
Carla Meninsky
Attorneys for Defendants
Bank of America, N.A., for itself and as successor by merger to BAC Home Loans Servicing, LP, fka Countrywide Home Loans Servicing, LP; Mortgage Electronic Registration Systems, Inc.; ReconTrust Company, N.A.

- 1 -

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR JUDGMENT OF DISMISSAL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants Bank of America, N.A., for itself and as successor by merger to BAC Home Loans Servicing LP, fka Countrywide Home Loans Servicing LP; Mortgage Electronic Registration Systems, Inc.; and ReconTrust Company, N.A. (collectively "Defendants") submit this Motion for a Judgment of Dismissal on the ground that Plaintiff James J. Grundy ("Plaintiff") failed to file an amended complaint within the time period ordered by the Court. This motion is brought pursuant to Federal Rule of Civil Procedure 41(b) and U.S. District Court for the Southern District of California Local Rule 7-1(f)(3). Defendants respectfully request that this Court dismiss this action with prejudice and enter judgment in favor of Defendants and against Plaintiff.

### A. Factual Background

On July 17, 2012 this Court granted Defendants' Motion to Dismiss with twenty-one days leave to amend. See Dkt. No. 12; Declaration of Carla Meninsky ("Decl.") ¶ 5, Ex. A. Despite this ruling, Plaintiff failed to amend within this time period, or at all. Plaintiff's failure to amend lacks justification and the Court should exercise its discretion to dismiss this action as to Defendant, with prejudice.

### B. Procedural Background

On March 6, 2012, Plaintiff filed a complaint against Defendants. Decl. ¶ 2. Defendants responded with a Motion to Dismiss, which was granted in its entirety on July 17, 2012. Decl. ¶¶ 4, 5. The Court granted Defendants' Motion to Dismiss, with prejudice as to his request for rescission under TILA, and without prejudice as to his claims premised on fraud, RESPA, the FDCPA, for declaratory relief and for damages under TILA. The Court gave the Plaintiff twenty-one days to amend his Complaint. The Court served notice of the foregoing ruling on July 18, 2012. Decl. ¶ 6, Ex. A. Plaintiff failed to amend within the prescribed time. Decl. ¶¶ 8, 9, 10. Given Plaintiff's failure to pursue amendment, Defendants respectfully request that this Court dismiss this action as to Defendants, with prejudice.

//

//

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# I. LEGAL ARGUMENT

## A. Dismissal is Warranted Under Rule 41(b).

Federal Rule of Civil Procedure 41(b) grants district courts the authority *sua sponte* to dismiss actions for failure to prosecute or for failure to comply with court orders. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962) ("The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."). Similarly, U.S. District Court for the Southern District of California Local Rule 7-1 states that "[t]he failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." *See* S.D. Cal. L.R. 7-1(f)(3).

This court thus has discretion to dismiss Plaintiffs' action for failure to comply with an order requiring them to file an amended pleading within a specified time period. *Pagtalunan v. Galaza*, 291 F.3d 639, 640 (9th Cir. 1992) (discussing factors a court must weigh to determine whether to dismiss a claim for failure to comply with a court order); *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (affirming order dismissing action following failure to file second amended complaint).

In determining whether to dismiss a case for failure to comply with a court order, a district court must weigh five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Id.* at 1260–61. Dismissal is appropriate where at least four factors support dismissal, or at least three factors "strongly" support dismissal. *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).

### 1. The Expeditious Resolution Of Litigation And Need To Manage The Docket Favors Dismissal.

In this case, Plaintiff's delay implicates both the public's interest in expeditious resolution of litigation and this Court's need to efficiently manage its docket. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("[t]he public's interest in expeditious resolution of litigation always favors

dismissal") (quoting *Yourish*, 191 F.3d at 990). Plaintiff's failure to meet the August 13, 2012, deadline hinders the Court's ability to move this case forward and indicates that Plaintiff does not intend to litigate this action diligently. This delay is perhaps not surprising since, as this Court has effectively recognized, Plaintiff's Complaint is speculative at best and is based on deficient allegations. In any event, Plaintiff's failure to amend his Complaint within the Court's deadline may be deemed consent to the granting of the Court's order dismissing Plaintiff's action. Plaintiff should not be permitted to unilaterally stall the instant litigation at the expense of the Court and Defendants. Accordingly, the first and second factors strongly support dismissal. *See Yourish v. California Amplifier*, 191 F.3d at 990 ("The public's interest in expeditious resolution of litigation always favors dismissal."); *Pagtalunan*, 291 F.3d at 642 ("[i]t is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants").

**2. Defendants Are Prejudiced By Plaintiff's Unreasonable Delay**

The third factor, prejudice, also strongly supports dismissal. A presumption of prejudice arises from unreasonable delay. *Hernandez v. City of El Monte*, 138 F.3d 393, 400–01 (9th Cir. 1998). "When considering prejudice to the defendant, the failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant." *In Re Eisen*, 31 F.3d 1447, 1452 (9th Cir. 1994) (quoting *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976)). "Unnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Pagtalunan*, 291 F.3d at 643 (citing *Sibron v. New York*, 392 U.S. 40, 57 (1968)). When a party offers a poor excuse for failing to comply with a court's order, the prejudice to the opposing party is sufficient to favor dismissal. *See Yourish*, 191 F.3d at 991-92.

Here, as set forth above, Plaintiff has unreasonably delayed this litigation, forcing the Court and Defendants to proceed with the action at Plaintiff's pace, rather than the pace set by the Court's orders and the Federal Rules of Civil Procedure. What is more, Plaintiff fails to offer any excuse for his failure to file a First Amended Complaint, – now two weeks overdue – essentially consenting to the Court's Order of dismissal. Accordingly, the third factor weighs in Defendants favor and is in support of dismissal.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**3. Public Policy Favors Dismissal.**

The fourth factor, public policy favoring disposition of cases on their merits, also strongly supports dismissal. It is the responsibility of the moving party to prosecute the action at a reasonable pace and to refrain from dilatory and evasive tactics. *See Morris v. Morgan Stanley & Co.*, 942 F. 2d 648, 652 (9th Cir. 1991). Plaintiff, however, has not seriously sought to pursue his claims at a reasonable pace, nor has he complied with the Federal Rules of Civil Procedure.

The foregoing conduct, as well as Plaintiff's failure to file any amended Complaint by this Court's deadline, demonstrates that Plaintiff has failed to diligently prosecute his case and favors dismissal. *See In Re Eisen*, 31 F.3d at 1454 ("[a]lthough there is indeed a policy favoring disposition on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory tactics") (quoting *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991)).

**4. The Court Afforded Plaintiff Opportunity To Amend**

Notwithstanding its Order stating that Plaintiff failed to state any cognizable claim against the Defendants, this Court attempted to avoid outright dismissal of this action by affording Plaintiff leave to amend his deficient First Amended Complaint. *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."); *see also Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir. 2004) (failure of Plaintiff to respond to court's order, either by amending the complaint or by indicating to the court that it will not do so, is properly met with the sanction of a Rule 41(b) dismissal). However, Plaintiff has elected not to file an amended Complaint. Accordingly, this factor also weighs in favor of dismissal.

//

//

//

//

//

//

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## II. CONCLUSION

Because Plaintiff has chosen not to amend his Complaint within the time afforded by this Court, each of the five factors strongly support dismissal with prejudice, and such dismissal would be consistent with this Court's Order on Defendants' Motion to Dismiss Plaintiff's Complaint, Defendants respectfully request that this Court dismiss Plaintiffs' action with prejudice pursuant to Rule 41(b) and U.S. District Court for the Southern District of California Local Rule 7-1 1(f)(3), and issue a judgment against them in Defendants' favor.

DATED: August 27, 2012

REED SMITH LLP

By: /s/ *Carla Meninsky*
Molly Taylor Zapala
Carla Meninsky
Attorneys for Defendants
Bank of America, N.A., for itself and as successor by merger to BAC Home Loans Servicing, LP, fka Countrywide Home Loans Servicing, LP; Mortgage Electronic Registration Systems, Inc.; ReconTrust Company, N.A.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware