EXHIBIT A

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES J. GRUNDY,<br><br>  Plaintiff,<br><br>  vs.<br><br>BANK OF AMERICA, N.A. et al.,<br><br>  Defendants. | CASE NO. 12-CV-561- IEG (DHB)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>[Doc. No. 8] |

Before the Court is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). [Doc. No. 8.] For the reasons specified below, Defendants' motion is **GRANTED**.

## BACKGROUND

On March 6, 2012, Plaintiff James J. Grundy, proceeding *pro se*, filed a complaint asserting violations of the Truth in Lending Act ("TILA"), the Fair Debt Collection Practices Act ("FDCPA"), and the Real Estate Settlement Procedures Act and its implementing Regulation X (jointly "RESPA") by Defendants Bank of America, N.A., Countrywide Home Loans Servicing LP, Mortgage Electronic Registration Systems, Inc., and ReconTrust Company, N.A. [Doc. No. 1.] On May 23, 2012, Defendants moved to dismiss. [Doc. No. 8.] No opposition has been filed.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*,

1  556 U.S. 662, 677-78 (2009). Motions to dismiss pursuant to Federal Rule of Civil Procedure
2  12(b)(6) test the sufficiency of this required showing. *New Mexico State Investment Council v.*
3  *Ernst & Young LLP*, 641 F.3d 1089, 1094 (9th Cir. 2011). "Dismissal is proper when the
4  complaint does not make out a cognizable legal theory or does not allege sufficient facts to support
5  a cognizable legal theory." *Cervantes v. Countrywide Home Loans, Inc*., 656 F.3d 1034 (9th Cir.
6  2011). And though *pro se* complaints enjoy "the benefit of any doubt," *Hebbe v. Pliler,* 627 F.3d
7  338, 342 (9th Cir. 2010), Rule 8 still "demands more than an unadorned, the-defendant-
8  unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

### DISCUSSION

10  Even affording every benefit of the doubt, Plaintiff's complaint amounts to unadorned
11  accusation. Few facts are pled and next no attempt is made to explain how Defendants purportedly
12  violated any of the array of statutes cursorily invoked. Nor is any harm alleged, let alone
13  attributed to any conduct by Defendants. As such, the complaint fails to allege sufficient facts to
14  support any cognizable legal theory. Therefore, to the extent and for the additional reasons
15  specified below, Defendants' motion to dismiss is **GRANTED**.

16  **1.    Claims Premised on TILA**

17  Because Plaintiff references TILA as a basis for his claims, but fails to specify any
18  particular requirement or violation thereof, [*see* Doc. No. 1 at 2], the Court liberally construes the
19  complaint as asserting claims for both damages and recission. [*See* 15 U.S.C. §§ 1635, 1640.]
20  Both claims are barred by applicable statutes of limitation and repose.

21  TILA damages claims are subject to a one-year statute of limitation that may, under certain
22  circumstances, be equitably tolled. *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986). TILA
23  recission claims are subject to a three-year statute of repose, which constitutes an absolute bar and
24  thus to which equitable tolling is unavailable. *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412
25  (1998). Both statutes run from the date the subject loan was consummated. *See King*, 784 F.2d at
26  915; *see also McOmie-Gray v. Bank of Am. Home Loans*, 667 F.3d 1325, 1328 (9th Cir. 2012).

27  Plaintiff's complaint was filed on March 6, 2012, nearly six years after the date the subject
28  loan was allegedly consummated, [Doc. No. 1 at 3 ("On or about August 1st, 2006 . . .")], and no

1  basis for equitable tolling has been pled. *See Cervantes*, 656 F.3d at 1045 (equitable tolling only
2  available "in situations where, despite all due diligence, the party . . . is unable to obtain vital
3  information bearing on the existence of the claim"). Plaintiff's TILA claims are thus untimely and
4  barred. *See King*, 784 F.2d at 915. Because amendment could potentially provide a basis for
5  equitable tolling of the statute of limitations, Plaintiff's TILA claims for damages are
6  **DISMISSED WITHOUT PREJUDICE**. But as the statute of repose is an absolute bar, and
7  amendment would thus be futile, Plaintiff's TILA claims for recission are **DISMISSED WITH**
8  **PREJUDICE**.

### 2. Claims Premised on the FDCPA

10  Plaintiff also invokes the FDCPA. [Doc. No. 1 at 2.] "To be liable for a violation of the
11  FDCPA, the defendant[s] must - as a threshold requirement - fall within the Act's definition of
12  'debt collector.'" *Katz v. Aurora Loan Services, LLC*, 2012 WL 78399, at *2 (S.D. Cal. Jan. 10,
13  2012) (quoting *Izenberg v. ETS Servs., LLC*, 589 F.Supp.2d 1193, 1198-99 (C.D. Cal. 2008)).
14  "[M]ortgage servicing companies and trustee fiduciaries[] are not "debt collectors" subject to the
15  FDCPA." *Khast v. Washington Mut. Bank*, 2011 WL 940792, at *3 (S.D. Cal. March 16, 2011);
16  *see also Lal v. Am. Home Serv., Inc.*, 680 F.Supp.2d 1218, 1224 (E.D. Cal. 2010) ("The law is well
17  settled that FDCPA's definition of debt collector does not include the consumer's creditors, a
18  mortgage servicing company, or any assignee of the debt."); *Mansour v. Cal–Western*
19  *Reconveyance Corp.*, 618 F.Supp.2d 1178, 1182 (D. Ariz. 2009) ("[M]ortgagees and their
20  assignees, servicing companies, and trustee fiduciaries are not included in the definition of 'debt
21  collector.'"). Nor does the term "include any person who collects . . . debt which . . . 'was not in
22  default at the time it was obtained by such person.'" *Katz*, 2012 WL 78399, at *2 (quoting 15
23  U.S.C. § 1692a(6)(F)(ii), (iii)).

24  Here, it remains uncontested that Defendants are variously mortgage servicers, trustee
25  fiduciaries, and assignees of debt. *See, e.g.*, MTD at 7-8. Thus, Defendants do not qualify as
26  "debt collectors" under the FDCPA. *Khast*, 2011 WL 940792, at *3. Moreover, Plaintiff fails to
27  allege any debt that was ever in default, much less at the time it was assigned to or otherwise
28  obtained by any Defendant. As such, Plaintiff fails to sufficiently allege Defendants' status as debt

1 collectors and thus fails to state a claim premised on the FDCPA. *See Khast*, 2011 WL 940792, at
2 \*3. Still, as amendment is not necessarily futile, Plaintiff's FDCPA claims are **DISMISSED**
3 **WITHOUT PREJUDICE**.

### 3. Claims Premised on RESPA

5 RESPA is also invoked. [Doc. No. 1 at 2.] Claims under RESPA require allegations of
6 either actual damages or a pattern or practice of noncompliance supporting statutory damages. 12
7 U.S.C. 2605(f)(1); *accord Sitanggang v. Countrywide Home Loans, Inc.*, 419 Fed. Appx. 756, 757
8 (9th Cir. 2011). Neither is alleged here. Indeed, no mention of any harm or pattern is even
9 alluded to in the complaint. Thus Plaintiff has failed to state any RESPA claim. *See Espinoza v.*
10 *Recontrust Co., N.A.*, 2010 WL 2775753, at \*4 (S.D. Cal. July 13, 2010). But as the Court cannot
11 say amendment would necessarily be futile, Plaintiff's RESPA claims are **DISMISSED**
12 **WITHOUT PREJUDICE**.

### 4. Claims Premised on Fraud

14 Plaintiff also makes passing reference to "fraud," and thus to afford every benefit of the
15 doubt, the Court construes that reference as an allegation of fraud under California state law.
16 [Doc. No. 1 at 2.] To state a claim for fraud under California law, Plaintiffs must plead: (1) a
17 misrepresentation, (2) knowledge of its falsity, (3) intent to defraud, (4) justifiable reliance, and (5)
18 resulting damage. *Gil v. Bank of Am., N.A.*, 138 Cal.App.4th 1371 (2006). Here, in federal court,
19 allegations of fraud are subject to the particularity requirements of Federal Rule of Civil Procedure
20 9(b); "the pleader must state the time, place and specific content of the false representations as
21 well as the identities of the parties to the misrepresentation." *Misc. Serv. Workers, Drivers &*
22 *Helpers v. Philco–Ford Corp.*, 661 F.2d 776, 782 (9th Cir. 1981) (citations omitted); *see also Vess*
23 *v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) ("Averments of fraud must be
24 accompanied by 'the who, what, when, where, and how' of the misconduct charged." (citation
25 omitted)).
26 Even most liberally construed, Plaintiff puts forth no allegations demonstrating any
27 misrepresentation, Defendants' respective states of mind, justifiable reliance, or resulting damage.
28 [*See* Doc. No. 1.] Plaintiff thus fails to state a claim for fraud. *See Quitaro Family Trust v.*

- 4 - 12cv561

*OneWest Bank, F.S.B.*, 2010 WL 392312, at *11 (S.D. Cal. Jan. 27, 2010). Again, because amendment is not necessarily futile, Plaintiff's claims premised on fraud are **DISMISSED WITHOUT PREJUDICE**.

### 5. Claim for Declaratory Relief

The complaint also refers to declaratory relief, and the Court liberally construes this reference as a separate claim. [See Doc. 1 at 2.] Claims for declaratory relief may be dismissed "where the substantive suit would resolve the issues raised by the declaratory judgment action." *Fimbres v. Chapel Mortg. Corp.*, 2009 WL 4163332 at *5 (S.D. Cal. Nov. 20, 2009) (internal quotation omitted). Here the complaint fails to explain how or what declaratory relief would address or provide beyond the relief requested pursuant to the substantive claims. [*See* Doc. No. 1.] Nor how a declaratory judgment would in any way resolve uncertainties aside from those that appear to constitute Plaintiff's substantive claims. [*Id.*] Plaintiff's claim for declaratory relief is thus **DISMISSED WITHOUT PREJUDICE**.

### CONCLUSION

For the foregoing reasons, Plaintiff's claims premised on fraud, RESPA, the FDCPA, for declaratory relief, and for damages under TILA are **DISMISSED WITHOUT PREJUDICE**. Plaintiff's claims for recission under TILA are **DISMISSED WITH PREJUDICE**. Plaintiff is granted leave to file a first amended complaint no later 21 days after the filing of this order.

**IT IS SO ORDERED.**

**DATED:** July 17, 2012

**IRMA E. GONZALEZ**
**United States District Judge**