# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES J. GRUNDY,<br><br>  Plaintiff,<br><br>  v.<br><br>BANK OF AMERICA, N.A., f/k/a Countrywide Home Loans Servicing LP; MERS; RECONTRUST COMPANY, N.A.,<br><br>  Defendants. | CASE NO. 12-CV-561- IEG (DHB)<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT OF DISMISSAL FOR FAILURE TO AMEND**<br><br>[Doc. No. 13] |

Defendants Bank of America, N.A., Mortgage Electronic Registration Systems, Inc. (MERS), and ReconTrust Company, N.A. (together "Defendants") bring this motion for judgment of dismissal for failure to amend pursuant to Federal Rule of Civil Procedure 41(b). [Doc. No. 13.] For the reasons specified below, Defendants' motion is **GRANTED** and the action is **DISMISSED WITH PREJUDICE**.

## BACKGROUND

On March 6, 2012, Plaintiff James J. Grundy ("Plaintiff"), proceeding *pro se*, filed a complaint asserting violations of the Truth in Lending Act ("TILA"), the Fair Debt Collection Practices Act ("FDCPA"), and the Real Estate Settlement Procedures Act and its implementing Regulation X (jointly "RESPA") by Defendants. [Doc. No. 1.] On May 23, 2012, Defendants moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). [Doc. No. 8.] On July 18, 2012, the Court granted Defendants' motion to dismiss, and dismissed Plaintiff's

claims for recission under TILA with prejudice and dismissed without prejudice the claims premised on fraud, RESPA, the FDCPA, for declaratory relief, and for damages under TILA.  The Court granted Plaintiff leave to file a first amended complaint no later than twenty-one days from the filing of the order.  [Doc. No. 12.]

On August 27, 2012, Defendants filed the present motion for judgment of dismissal for failure to amend.  [Doc. No. 13.]  Plaintiff did not file an opposition to Defendants' motion.  To date, Plaintiff has not filed a first amended complaint.

## LEGAL STANDARD

Federal Rule of Civil Procedure 41(b) permits a defendant to move for dismissal of the action if "the plaintiff fails to prosecute or comply with" the Federal Rules or court orders.  Fed. R. Civ. P. 41(b); see also Yourish v. California, 191 F.3d 983 (9th Cir. 1999).  Under Ninth Circuit precedent, when a plaintiff fails to amend his complaint after the district court dismisses the complaint with leave to amend, the dismissal for lack of prosecution is typically considered a dismissal for failing to comply with a court order rather than for failing to prosecute the claim.  Id. at 986.  Therefore, pursuant to Federal Rule of Civil Procedure 41(b), the district court is permitted to dismiss an action for a Plaintiff's failure to comply with a court order to amend his complaint.  See Ferdik v. Bonzelet, 936 F.2d 1258, 1263 (9th Cir. 1992).  Unless the dismissal order states otherwise, a dismissal pursuant to Rule 41(b)—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.  Fed. R. Civ. P. 41(b).

"Dismissal is a harsh penalty and, therefore, it should only be imposed in extreme circumstances."  Ferdik, 963 F.2d at 1260.  Before dismissing an action, the Court must evaluate five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.  Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).  Dismissal is proper "where at least four factors support dismissal, . . . or where at least three factors 'strongly' support dismissal."  Dreith v. Nu Image, Inc., 648 F.3d 779, 788 (9th Cir. 2011).

**DISCUSSION**

To determine whether the action should be dismissed pursuant to Rule 41(b), the Court evaluates each of the five factors in turn.

**1.  Public's Interest in Expeditious Resolution of Litigation**

"The public's interest in expeditious resolution of litigation always favors dismissal." Pagtalunan, 291 F.3d at 642.  Here, Plaintiff failed to amend his complaint after the Court's order on July 18, 2012 granting him twenty-one days to amend.  [Doc. No. 12.]  Moreover, Plaintiff did not file an opposition to Defendants' present motion for judgment of dismissal for failure to amend to explain his failure to amend his complaint.  [Doc. No. 13.]  Given Plaintiff's failure to amend his complaint and to provide the Court with explanations for his inaction, this factor weighs strongly in favor of dismissal.

**2.  Court's Need to Manage Its Docket**

"It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants."  Pagtalunan, 291 F.3d at 642.  Here, Plaintiff's failure to abide by the Court's order to file a first amended complaint has caused this action to stall, impermissibly allowing Plaintiff to control the pace of the docket, rather than the court.  Plaintiff's conduct indicates that he does not intend to litigate this action diligently.  Thus, this factor weighs strongly in favor of dismissal.

**3.  Risk of Prejudice to Defendants**

A presumption of prejudice arises from a plaintiff's unexplained failure to prosecute. Laurino v. Syringa Gen. Hosp., 279 F.3d 750, 753 (9th Cir. 2002).  "Unnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale."  Pagtalunan, 291 F.3d at 643.  "[W]here a plaintiff has come forth with an excuse for his delay that is anything but frivolous, the burden of production shifts to the defendant to show at least some actual prejudice."  Nealey v. Transportacion Maritima Mexicana, S.A., 662 F.2d 1275, 1281 (9th Cir. 1980).

Here, Plaintiff failed to amend his complaint and to file an opposition to Defendants' present motion for judgment of dismissal for failure to amend. Such inaction creates a presumption of prejudice, which Plaintiff did not overcome because he neither provided explanation for his delay nor attempted to communicate with the Court. Thus, the third factor weighs strongly in favor of dismissal.

**4.     Availability of Less Drastic Alternatives**

The court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives. Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986). The Court did provide Plaintiff an opportunity to oppose the present motion for dismissal and provide an explanation for his failure to file an amended complaint, but Plaintiff did not oppose Defendants' motion. However, because alternatives less drastic than dismissal are still available, this factor weighs against dismissal.

**5.     Public Policy Favoring Disposition of Cases on their Merits**

Public policy favors disposition of cases on the merits. Pagtalunan, 291 F.3d at 643. This factor weighs against dismissal.

On balance, the Court finds that although two factors weigh against dismissal, three factors weigh strongly in favor of dismissal. See Dreith, 648 F.3d at 788. Due to Plaintiff's failure to amend his complaint after the Court's order dated July 18, 2012 [Doc. No. 12.] and his failure to provide explanation for his delays, the Court finds that dismissal of the action is warranted.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' motion and **DISMISSES** the action with prejudice. The clerk is directed to close the case.

**IT IS SO ORDERED.**

DATED:     October 9, 2012

*Irma E. Gonzalez*
**IRMA E. GONZALEZ**
**United States District Judge**